NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1740
_____

GUNAWAN SUYANTO DJIE,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A096-258-019)
Immigration Judge: Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 5, 2012

Before:   AMBRO, FISHER and GARTH, Circuit Judges

(Opinion filed: September 6, 2012)
_____

OPINION
_____

PER CURIAM

    Gunawan Suyanto Djie ("Djie") petitions for review of the Board of Immigration

Appeals' final order of removal.  For the reasons that follow, we will deny the petition for

review.

    Djie, an ethnically Chinese Christian citizen of Indonesia, was admitted on a

visitor's visa in October, 2001, and overstayed.  He sought asylum, claiming persecution

on the basis of his ethnicity and religion.  His application for asylum, withholding of

removal, and for protection under the Convention Against Torture was denied by an Immigration Judge after a merits hearing on May 18, 2004. The Board of Immigration Appeals adopted and affirmed the IJ's decision on July 28, 2005. Djie did not petition for review of this decision.

On September 6, 2011, more than six years after the Board's final order of removal, Djie filed an untimely motion to reopen with the Board, in which he claimed that he had new evidence – from 2010 and 2011 – of worsening conditions in Indonesia for Chinese Christians. Djie sought an exception to the time requirement for motions to reopen on this basis, and he sought to raise a "pattern or practice" argument in a new asylum application. In support of his motion to reopen, Djie submitted seven news articles, several of which addressed an attack on Christian churches by Muslim "mobs" in February, 2011 in central Java. Another article from the Christianpost.com described attacks on Christian churches in 2010.

On February 16, 2012, the Board denied the motion to reopen. The Board held that the motion was untimely filed and that Djie had failed to demonstrate materially changed country conditions in Indonesia that would excuse the untimeliness of his motion. Alternatively, the Board determined that, even if the motion had been timely filed, the articles Djie submitted would not change the result even if his case were to be reopened, see Matter of Coelho, 20 I. & N. Dec. 464, 471-73 (BIA 1992). Noting that Djie had also sought to have the proceedings remanded to the Immigration Judge to determine whether a pattern or practice of persecution against Chinese Christians exists in Indonesia, the Board reiterated that the motion to reopen was untimely filed and further noted in the alternative that the evidence submitted was insufficient because it did

not show systematic, pervasive or organized persecution, or that the acts committed against Christians or Christian interests were committed by the Indonesian government or forces the government is unable or unwilling to control, see Sukwanputra v. Gonzales, 434 F.3d 627, 637 (3d Cir. 2006); Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005).

Djie timely petitions for review. We have jurisdiction under 8 U.S.C. § 1252(a), (b)(1) over the Board's February 16, 2012 decision.[1]

We will deny the petition for review. Djie's Informal Brief is devoted exclusively to arguing that the Board's July 28, 2005 decision should be vacated and the matter remanded to the Immigration Judge for reconsideration of his original asylum application. We lack jurisdiction over the Board's July 28, 2005 decision. Djie failed to file his petition for review within 30 days of this decision, as required by 8 U.S.C. § 1252(b)(1). The time limit for filing a petition for review is mandatory and jurisdictional. See McAllister v. Att'y Gen. of U.S., 444 F.3d 178, 185 (3d Cir. 2006). Djie had 30 days after July 28, 2005 in which to file, and instead he filed a petition for review on March 19, 2012 of the Board's denial of his motion to reopen.

Although Djie failed to address the Board's denial of his motion to reopen in his Informal Brief, and he has thus waived any issues relating to it, see Bradley v. Att'y Gen. of U.S., 603 F.3d 235, 243 n.8 (3d Cir. 2010), it does not appear to us from the record that the Board abused its discretion in denying his motion to reopen. Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 105 (1988). Under the abuse of discretion

---

[1] Prior to briefing, Djie filed a motion to withdraw his petition for review, apparently hoping to join in one filed separately by his wife at C.A. No. 12-1743 relating to her removal proceedings. We denied the motion to withdraw. Djie's and his wife's immigration proceedings were not consolidated before the agency, and we have since dismissed her petition for review for lack of jurisdiction as untimely filed.

standard, we will not disturb the Board's decision unless it is arbitrary, irrational, or contrary to the law. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). We uphold the Board's factual determinations underlying the denial of the motion to reopen if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Zheng v. Att'y Gen. of the U.S., 549 F.3d 260, 266 (3d Cir. 2008) (quoting Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

A party may file only one motion to reopen and such motion must be filed no later than 90 days after the date of the removal order. 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(7)(C)(i). Djie's motion to reopen, filed more than six years after the Board's July 25, 2005 decision, was untimely and thus was properly denied on that basis. The 90-day time limitation does not apply if the alien seeks reopening "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." Id. at § 1003.2(c)(3)(ii). See also 8 U.S.C. § 1229a(c)(7)(C)(ii). The Board considered Djie's news reports relating to events occurring in Indonesia in 2010 and 2011. Djie's articles show that the longstanding animosity between Muslims and Christians in parts of Indonesia is a continuing problem, but they do not establish that conditions have worsened since Djie's removal hearing in 2004. Accordingly, we see no basis for concluding that the Board abused its discretion in determining that Djie did not qualify for the changed country

4

conditions exception to the time requirement for filing a motion to reopen, see Abudu, 485 U.S. at 105; Guo, 386 F.3d at 562.[2]

       For the foregoing reasons, we will deny the petition for review.

---

[2] Because Djie's motion to reopen was untimely filed and he did not qualify for the changed country conditions exception, and because he failed to argue any issues relating to the Board's denial of his motion to reopen, we need not comment on the Board's alternative determinations that the articles Djie submitted with his motion to reopen would not change the result in his case, and were insufficient to show systematic, pervasive or organized persecution by the Indonesian government, see Sukwanputra, 434 F.3d at 637; Lie, 396 F.3d at 537.